IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CARDARIUS WILKERSON,          )<br>                              )<br>     Petitioner,              )<br>                              )<br>v.                            )<br>                              )<br>UNITED STATES OF AMERICA,     )<br>                              )<br>     Respondent.              )<br>                              ) | Case No. 2:21-cv-02379-SHL-atc |

**ORDER DENYING PETITION FOR LACK OF JURISDICTION**

On June 4, 2021, Petitioner Cardarius Wilkerson, Bureau of Prisons ("BOP") register number 31538-076, a former inmate at the Federal Correctional Institution in Montgomery Alabama ("FCI Montgomery"),[1] filed a pro se Motion to Set Aside, Vacate, or Correct Sentence Pursuant to 18 U.S.C. § 2255 ("§ 2255 Petition"). (ECF No. 1.) The United States filed a response on October 4, 2021. (ECF No. 12.) For the reasons that follow, the § 2255 Petition is **DENIED** for lack of jurisdiction.

**I.    BACKGROUND**

In September of 2019, a grand jury in this district returned a first superseding indictment charging Wilkerson with the following offenses:

- Count 1: possession of a mixture and substance containing fentanyl with the intent to distribute, in violation of Title 21 U.S.C. § 841(a)(1);

---

[1] Petitioner was released on June 9, 2023. See Federal Bureau of Prisons, Find an Inmate (https://www.bop.gov/inmateloc/ (type  31538-076 under number; then click search) (last accessed August 1, 2024).

- Count 2: possessing two firearms in furtherance of drug trafficking, in violation of Title 18 U.S.C. § 924(c); and

- Count 3: being a convicted felon in possession of two firearms, in violation of Title 18 U.S.C. § 922(g).

(Case No. 2:18-cr-20409 ("Cr."), ECF No. 32.)  On January 31, 2020, Wilkerson pled guilty to Count 3 of the first superseding indictment.  (Cr. ECF No. 55.)  On June 2, 2020, this Court sentenced Wilkerson to thirty-seven months imprisonment plus three years of supervised release.  (Cr. ECF No. 70.)  The Court ordered the sentence of imprisonment "to be served concurrent with Shelby County Criminal Court Case # I18-00126," which arose from the same conduct at issue in his federal case, "and consecutive to Shelby County Criminal Case # 17-02455," which did not relate to the federal case.  (Id. at PageID 155; Cr. ECF No. 83 at PageID 209.)  In his § 2255 Petition, Wilkerson argues that the BOP erroneously calculated his federal sentence by refusing to credit him with the state time served.  (ECF No. 1 at PageID 2.)  The United States responded that this petition should be dismissed for lack of jurisdiction because challenges to the computation of a sentence must be brought under 18 U.S.C. § 2241.

**II.   ANALYSIS**

A federal prisoner may challenge his sentence under § 2255 in the court that imposed the sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998).  A challenge to the "execution or manner in which the sentence is served shall be filed in the court having

2

jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted).

Here Wilkerson does not challenge validity of the sentence itself, but rather how it was implemented. Thus, his petition must be brought under § 2241 in the court with jurisdiction over Wilkerson's custodian. Because his petition is not properly brought under § 2255, it is **DENIED**.

If Wilkerson seeks for his petition to be heard, he must file a § 2241 petition in the Middle District of Alabama, attaching proof that he has exhausted his BOP administrative remedies. However, because Wilkerson has already been released, such a petition would likely be moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.").

### III. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). No § 2255 movant may appeal without this certificate.

A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

> Where a district court has rejected a constitutional claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). "In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." Moody v. United States, 958 F.3d 485, 488 (6th Cir. 2020). "To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable." Id.

In this case, there is no question that Wilkerson has not raised any constitutional claims and that this Court does not have jurisdiction to consider the issue raised in Movant's § 2255 Petition; therefore, the Court **DENIES** a COA.

The Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Id. at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file a motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**.[2]

### IV. CONCLUSION

For the reasons explained above, the § 2255 petition is **DENIED**. Further, the Court **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal in forma pauperis. Judgment will be entered for Respondent.

**IT IS SO ORDERED** this 7th day of August, 2024

        s/ Sheryl H. Lipman
        SHERYL H. LIPMAN
        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Movant files a notice of appeal, he must also pay the full $600 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of entry of this Order. See Fed. R. App. P. 24(a)(5).